**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GIBSON A. HALL,

    Petitioner-Appellant,

v.

JOE WILLIAMS, Warden, Lea County
Correctional Facility; ATTORNEY
GENERAL STATE OF NEW
MEXICO,

    Respondents-Appellees.

Nos. 99-2326 and
99-2362

(D.C. No. CV-99-1080-BB/LCS)
(D.N.M.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Chief Judge, **EBEL** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Gibson Hall, an inmate appearing pro se and in forma pauperis, seeks a certificate of appealability to appeal the district court's denial of his petition for writ of habeas corpus. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, deny Hall's application for a certificate of appealability, and dismiss the appeal.

According to his petition, Hall was convicted in Delaware state court and sentenced to the custody of the Delaware Department of Corrections (DDC). See Hall v. State, 625 A.2d 279, 1993 WL 132991 at *1 (Del. 1993) (unpublished decision) (indicating Hall was convicted in November 1979 of first degree murder and possession of a deadly weapon during the commission of a felony, and was sentenced to life without parole for the murder conviction and five years for the weapons offense). In 1996, Hall was transferred by the DDC to a New Mexico state penitentiary. Since then, Hall has been transferred to two privately-owned and operated correctional facilities in New Mexico, and he is currently housed in one of those New Mexico facilities. Hall alleges that the DDC and the State of New Mexico lacked authority to transfer him to the private correctional facilities and that, because the transfers were improper, the DDC lost jurisdiction over him. Hall seeks immediate release from confinement or, alternatively, an order directing his return to a correctional facility operated by the State of New Mexico.

It is apparent from his petition that Hall has failed to establish a right to

2

federal habeas relief. Neither "the United States Constitution nor any federal law prohibits the transfer of an inmate from one state to another." Montez v. McKinna, 208 F.3d 862, 865-66 (10th Cir. 2000) (internal quotations omitted). Further, "there is no federal constitutional right to incarceration in any particular prison or portion of a prison." Id. at 866. Although Hall alleges violations of the Interstate Corrections Compact (ICC) and various New Mexico statutes, those violations, even if true, do not entitle him to federal habeas relief. See id. at 865 (concluding that alleged claims of state law violations arising out of prisoner's transfer from state facility to private facility were not cognizable in federal habeas action).

In any event, we have examined the applicable Delaware and New Mexico statutes and are convinced that the various transfers challenged by Hall were entirely appropriate. Both Delaware and New Mexico have enacted, and thus are parties to, the ICC. See Del. Code Ann. tit. 11, § 6571 (1999); N.M. Stat. Ann. § 31-5-17 (1999). The ICC allows one party state, called the sending state (in this case Delaware), to contract with another party state, called the receiving state (in this case New Mexico), for the confinement of one or more of the sending state's inmates. The receiving state acts as the "agent for the sending state," N.M. Stat. Ann. § 31-5-17, Article 4.A., and the transferred inmates remain "at all times . . . subject to the jurisdiction of the sending state," and may at any time be returned

to the sending state or transferred to another institution "in which the sending state may have a contractual or other right to confine inmates," or "for any other purpose permitted by the laws of the sending state." Id. Article 4.C.  In addition, New Mexico law specifically authorizes the New Mexico corrections department to "enter into contracts with public or private detention facilities for the purpose of housing inmates." N.M. Stat. Ann. § 31-20-2(G).  Taken together, these statutes authorized the initial transfer of Hall from the DDC to New Mexico state authorities, as well as Hall's subsequent transfers to private corrections facilities.

We will briefly address Hall's allegations pertaining to his conditions of confinement.  In his habeas petition and appellate pleadings, Hall alleged that defendants (1) failed to properly classify him prior to and after his arrival at the two private facilities, and (2) placed him in administrative segregation on one occasion due to his status as a Delaware prisoner.  Although petitioner suggests these allegations are cognizable under 28 U.S.C. § 2241, we disagree because, even if true, these allegations do not entitle him to release from confinement, nor do they appear to affect the duration of his confinement (as noted above, Hall was sentenced to life without parole).  See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (holding that a habeas proceeding attacks the fact or duration of confinement and seeks the remedy of immediate release or a shortened period of confinement); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir.

4

1995) (per curiam) (holding that if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is 42 U.S.C. § 1983). In his appellate pleadings, Hall has also alleged that defendants failed to maintain a reasonably safe and secure environment at the two private facilities. Because this allegation was not asserted in the district court, we will not address it for the first time on appeal. See Smith v. Secretary of New Mexico Dept. of Corrections, 50 F.3d 801, 814 n. 22 (10th Cir. 1995) (noting that in the absence of extraordinary circumstances this court will not consider issues raised for the first time on appeal). Should he choose to do so, petitioner can, as the district court pointed out in its order of dismissal, file a 42 U.S.C. § 1983 action challenging his conditions of confinement.

We DENY the application for certificate of appealability and DISMISS the appeal. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5